```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   XIAOQIANG AN,                                            :
                              Plaintiff,                    :
                                                            :    16 Civ. 8832 (LGS)
                 -against-                                  :
                                                            :    OPINION AND ORDER
   LEO CHULIYA, LTD., et al.,                               :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2017

LORNA G. SCHOFIELD, District Judge:

On December 5, 2016, Plaintiff Xiaoqiang An ("Plaintiff") filed a First Amended Complaint against Defendants Leo Chuliya, Ltd. d/b/a Fantasy Cuisine and Dumpling Plus Corp. d/b/a Dumpling & Noodle and Austin Chu (collectively, "Defendants") alleging wage-and-hour violations under the Fair Labor Standards Act ("FLSA") and state law. On January 25, 2017, Plaintiff filed a notice of acceptance of Defendants' offer of judgment for $20,001.00, plus reasonable attorneys' fees, expenses and costs, under Federal Rule of Civil Procedure 68.

Judicial or Department of Labor ("DOL") approval is required where the parties seek to "settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Whether judicial or DOL approval also is required where the parties seek to dismiss a FLSA action through a Rule 68 offer of judgment remains an open question in this Circuit.

The "majority of district courts in this Circuit have held that judicial approval is not required for Rule 68 offers of judgment." *Anwar v. Stephens*, No 15 Civ. 4493, 2017 WL 455416, at *1 (E.D.N.Y. Feb. 2, 2017); *see also Arenzo v. Big B World, Inc.*, 317 F.R.D. 440,

441 (S.D.N.Y 2016); *Baba v. Beverly Hills Cemetery Corp.*, No. 15 Civ. 5151, 2016 WL 2903597, at *1 (S.D.N.Y. May 9, 2016).  This Court agrees.  *Cheeks* "rested its holding on the language of Rule 41(a)(1)(A) subjecting dismissals without a court order to 'applicable federal statute[s]'" -- qualifying language that is decidedly absent from Rule 68.  *Pest v. Express Contracting Corp.*, No. 16 Civ. 3785, 2016 WL 6518577, at *1 (E.D.N.Y. Nov. 3, 2016).  Absent evidence of the parties' efforts to evade judicial review of their settlement, *see, e.g.*, *Toar v. Sushi of Nomado of Manhattan, Inc.*, No. 13 Civ. 1901 (S.D.N.Y. Mar. 16, 2017) (Slip Op.); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15 Civ. 6848 (S.D.N.Y. Jan. 10, 2017) (Slip Op.), judicial review of the Rule 68 offer of judgment in this FLSA case is unwarranted.

   Accordingly, the Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: March 28, 2017
   New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**